## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RICHARD REISSIG AND** | § | |
| **CAROL REISSIG** | § | |
| | § | |
| **VS.** | § | **C.A. NO.: 4:19-cv-03938** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 152nd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On August 30, 2019, Plaintiffs filed this action against State Farm in the 152nd Judicial District Court of Harris County, Texas.  The state cause number is 2019-61939 ("State Court Action").  State Farm was served on September 16, 2019.  State Farm filed its answer on October 4, 2019. Plaintiffs do not state a monetary relief in Plaintiffs' Original Petition ("Original Petition").  However, the amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a). Removal is proper because State Farm can prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(c)(2)(B) ("removal of a civil action is sought on the basis of the jurisdiction confered by section 1332(a), the sum demanded in good faith in the initial

pleading shall be deemed to be the amount in controversy, except that removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.").

2. In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 152nd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3. Plaintiffs filed this lawsuit alleging State Farm failed to pay insurance benefits owed to them in accordance with their insurance policy for damage to their home and other property caused by water. (*See* Pls.' Original Pet. at 2–3.) Plaintiffs assert causes of action for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. (*Id*. at 7–12.) Directly relevant to this Notice of Removal, Plaintiffs expressly seek to recover the following damages in this lawsuit.

(a)     The cost to repair Plaintiffs' home;

(b)     The amount of Plaintiffs' insurance claim, plus the statutory penalty on that;

(c)     Treble damages under the Texas DTPA;

(d)     Additional damages under Section 541 of the Texas Insurance Code;

(e)     Exemplary damages; and

(f)      Attorneys' fees.

(*Id.* at 12–14.) As addressed in further detail below, State Farm now timely files this Removal because there is complete diversity of citizenship between the parties, and the alleged damages, listed above, exceed the jurisdictional limits of this Court.

### III.
### <u>BASIS OF REMOVAL</u>

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiffs were, and continue to be, Texas citizens. (*See* Pls.' Original Pet. at 2.)  State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, Plaintiffs seek to recover damages for State Farm's denial and/or underpayment of their claim. (*See* Pls.' Original Pet. at 7–8.) Plaintiffs contend that the cost to repair the alleged damages covered under the policy is $37,148.78. (*See* Exhibit A at 1); *see also*, e.g., *Lanfreth v. Allstate Tex. Lloyd's*, No. C-09-254, 2009 WL 3756902, at *3 n. 1 (collecting

cases in the Fifth Circuit to explain that "[c]ourts have consistently looked to demand letters particularly pre-suit demand letters, as evidence of the amount in controversy."). In addition, Plaintiffs seek treble damages under section 17.50(b)(1) of the Texas DTPA as well as the Texas Insurance Code, which must be included when calculating the amount in controversy. (*See* Pls.' Original Pet. at 13); *Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy"). Three times the amount of Plaintiffs' alleged actual damages noted in Exhibit A amounts to more than $75,000. In Plaintiffs' pre-suit demand letter they indicate their damages are $154,146.36. (*See* Ex. A at 9.)

7.      The amount in controversy is further compounded if, as required, any of the following damages alleged in Plaintiffs' Petition are included in calculating the amount in controversy: (a) statutory penalty on Plaintiffs' insurance claim under Section 542 of the Texas Insurance Code; (b) attorneys' fees; (c) treble damages under section 541 of the Texas Insurance Code and/or DTPA; and (d) exemplary damages. In light of the foregoing evidence, it is indisputable that the amount in controversy in this case exceeds $75,000. *See Whitmire v. Bank One, N.A.*, No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $15,370.50, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000). As such, Plaintiffs cannot show that they are legally certain that the recovery will not exceed $75,000. *See De Aguilar*, 47 F.3d at 1411 ("we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

## IV.
## REMOVAL PROCEDURES

7.      On August 30, 2019, Plaintiffs filed this case against State Farm in the 152nd Judicial District Court of Harris County, Texas. State Farm was served on September 16, 2019. State Farm filed its Answer on October 4, 2019. This Notice of Removal is being timely filed on October 10, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiffs' property, which was allegedly damaged by water and which forms the basis of Plaintiffs' lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiffs' State Court Action was brought, and is pending, in Harris County. *See* 28 U.S.C. § 1441(a).  Harris County is within the jurisdictional limits of the Houston Division. *See* 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiffs.

10.      A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## PRAYER

11.      State Farm respectfully requests that the above-styled action now pending in the 152nd Judicial District Court of Harris County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State

Farm and against Plaintiffs, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 10th day of October, 2019.

Joe M. Williams                                                   **VIA CM/ECF**
THE LAW OFFICES OF JOE M. WILLIAMS
133 N. Friendswood Drive, Suite 152
Friendswood, Texas 77546
jwilliams10050@gmail.com




_____
**DALE M. "RETT" HOLIDY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RICHARD REISSIG AND** | § | |
| **CAROL REISSIG** | § | |
| | § | |
| **VS.** | § | **C.A. NO.: 4:19-cv-03938** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

**AFFIDAVIT OF MICHAEL ROPER**

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:

1

Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr.  and Michael James Arnold replaced Kevin Harper McKay.  The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks:  Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez:  Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger:  Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan:  Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence

and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.      At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


_____
MICHAEL ROPER


SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 3rd day of October 2019

| OFFICIAL SEAL |
| KAREN HAMILTON |
| NOTARY PUBLIC - STATE OF ILLINOIS |
| My Commission Expires January 07, 2022 |

_____
Notary Public for the State of Illinois

3

# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.      Joe M. Williams
        jwilliams10050@gmail.com
        THE LAW OFFICES OF JOE M. WILLIAMS
        133 N. Friendswood Drive, Suite 152
        Friendswood, Texas 77546
        Telephone: (281) 923-3000
        Facsimile: (832) 827-4306
        jwilliams10050@gmail.com
        ***Attorneys for Plaintiffs***

2.      Dale M. "Rett" Holidy
        rholidy@germer.com
        Lauren N. Herrera
        lherrera@germer.com
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420
        ***Attorneys for Defendant***

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### RICHARD REISSIG AND CAROLYN REISSIG VS. STATE FARM LLOYDS

        (a)     Plaintiffs' Original Petition
        (b)     Return Citation
        (c)     Defendant State Farm Lloyds' Original Answer
        (e)     Docket Sheet

8/30/2019 11:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36428927
By: Miaeda Hutchinson
Filed: 8/30/2019 11:48 AM

# 2019-61939 / Court: 152

## CAUSE NO. _____

| | | |
|---|---|---|
| RICHARD REISSIG | § | IN THE DISTRICT COURT |
| AND | § | |
| CAROLYN REISSIG | § | |
| Plaintiffs | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Richard Reissig and Carolyn Reissig, hereinafter referred to as "Plaintiffs", complaining of Defendant, State Farm Lloyds, hereinafter collectively referred to as "State Farm" or "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

Plaintiff, Richard Reissig, is an individual and resident of Texas.

Plaintiff Barbara Reissig, is an individual and resident of Texas.

Defendant, State Farm lloyds, is on information and belief a domestic insurance company licensed to conduct insurance business in Texas with its home city and state in Addison, Texas. It can be served with citation by serving its registered agent for service, Corporaton Service Company at 211 E. 7th Street, Austin, Texas 78701-3218.

## III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Harris County, Texas. *See* TEX. INS. CODE § 2210.552 (see below).

## IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A.    Plaintiffs are the owners of insurance Policy Number 53EAY2225 issued by the Defendant (hereinafter referred to as the "Policy").

B.    Plaintiffs own the insured property which is specifically located at 19915 Kellicreek Drive, Katy, Texas 77450 (hereinafter referred to as the "Property").

C.    Defendant or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.      On or about August 30, 2019, Hurricane Charlie struck Harris County and the
        surrounding gulf coast region of Texas causing severe damage to homes and
        businesses throughout the area, including Plaintiffs' residential Property.

E.      Plaintiffs submitted a claim to Defendant against the Policy for roof damage, interior
        damage and resulting water damage the Property sustained as a result of Hurricane
        Chaarlie. Plaintiffs asked that Defendant cover the cost of repairs to the Property
        pursuant to the Policy and any other available coverages under the Policy.

F.      Defendant has assigned claim number 53-1292-W4 to Plaintiffs' claim.

G.      Defendant assigned an adjuster to adjust the claim, and an adjuster for State Farm
        inspected Plaintiffs' home on September 22, 2017.

H.      State Farm estimated the damage to Plaintiff's property to repair was $4,285.46.
        Plaintiffs' deductible was $2,447.00. State Farm then deducted an additional
        $1,319.97 for depreciation, determining that Plaintiffs were owed $518.49.

I.      Despite determining that policy benefits of $518.29 were owed under the policy to
        the Plaintiffs, State Farm did not issue payment for said amount until November 6,
        2017.

J.      Plaintiffs were not satisfied with State Farm's estimate or how State Farm arrived at
        the damage amount for Plaintiffs' property. State Farm's estimate provided that
        there was damage to the laminate floors in Plaintiff's kitchen, yet State Farm's
        estimate provided for replacing only a small portion of the laminate, which is not
        possible.

K.  Plaintiffs retained the services of a contractor to conduct an estimate of the damages to their home. Plaintiffs' contractor determined that the damage to Plaintiffs' property was $37,148.78.

L.  Defendant's adjuster and Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, event though the Policy provided coverage for losses such as those suffered by Plaintiffs.

M.  Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

N.  Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

O.  Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

P.  Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendant's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

Q.     Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

R.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

S.     Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

T.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs'

claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U.    Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

V.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W.    From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

X.    As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the profession services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Y.    Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that

they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from Hurricane Ike. As a result of Hurricane Ike and/or ensuing losses from Hurricane Ike, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required

after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

## C. DTPA Cause of Action

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A.      As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

B.      As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C.     Defendant has breached an express warranty that the damage caused by Hurricane Ike would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

C.     Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

D.     Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition.  All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code.  Plaintiffs have satisfied all conditions precedent to bringing this cause of action.  By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business

of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.     Engaging in unfair claims settlement practices;

C.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has became reasonably;

E.     Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.     Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

### VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim.

Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court

## IX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs' are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs' are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. REQUEST FOR DISCLOSURE

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

[signature block on following page]

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILLIAMS
& ASSOCIATES, PLLC**

133 N. Friendswood Drive, Suite 152
Friendswood, Texas 77546
(281) 923-3000 (Telephone)
(832) 827-4306 (Facsimile)

By:   */s/ Joe M. Williams*
        JOE M. WILLIAMS
        Texas State Bar Number 24063066
        Jwilliams10050@gmail.com

**ATTORNEY FOR PLAINTIFFS**

9/26/2019 3:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37162802
By: KATINA WILLIAMS
Filed: 9/26/2019 3:30 PM

CAUSE NO.   201961939

RECEIPT NO.                    0.00      CIV
              **********      TR # 73667409

PLAINTIFF: REISSIG, RICHARD                    In The  152nd
              vs.                              Judicial District Court
DEFENDANT: STATE FARM LLOYDS                   of Harris County, Texas
                                               152ND DISTRICT COURT
                                               Houston, TX

### CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT FOR SERVICE
    CORPORATION SERVICE COMPANY
    211  E 7TH STREET   AUSTIN TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED</u>

This instrument was filed on the <u>30th day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 5th day of September, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>                  MARILYN BURGESS, District Clerk
WILLIAMS, JOE MICAH                            Harris County, Texas
9555  W.SAM HOUSTON PKWY                        201 Caroline, Houston, Texas 77002
S.,STE. 100                                    (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX 77099
Tel: (713) 255-1166                            Generated By: CUERO, NELSON 7MM//11316874
Bar No.: 24063066

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __7.00__ o'clock __A__.M., on the __12__ day of __September__, __2019__

Executed at (address) __211 E.7th St. #620 Austin,TX 78701__                      in

__Travis__ County at __10:22__ o'clock __A__.M., on the __16__ day of __September__
__2019__, by delivering to __State Farm Lloyds by serving C.A. Corporation Service company__ defendant, __in person__, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____,
BY CMRRR  #019-0140-0000-4210-8355
FEE: $ __75__

                                          of _____ County, Texas

__Heather Bork #8133__                    By _____
      Affiant     Exp 2/28/20                          Deputy

On this day, __Heather Bork__, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited in the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this __26th__ day of __September__, __2019__

_____
                Notary Public

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

*73667409*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Statefarm Lloyds c/o

**CORPORATION SERVICE COMPANY**

**211 E. 7th STREET., #620**

**AUSTIN, TEXAS 78701**

9590 9402 4679 8323 4967 39

2. Article Number *(Transfer from service label)*

7019 0140 0000 4210 8355

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature  Kyle Ratzlaff

X   ☐ Agent
   ☐ Addressee

B. Received Printed Name   SEP 16 2019   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess District Clerk

10/4/2019 4:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37408809
By: Lisa Thomas
Filed: 10/4/2019 4:35 PM

### CAUSE NO. 2019-61939

| | | |
|---|---|---|
| **RICHARD REISSIG AND** | § | **IN THE DIST5RICT COURT OF** |
| **CAROLYN REISSIG** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **152ND JUDICIAL DISTRICT** |

### <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### <u>GENERAL DENIAL</u>

1.      State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### <u>DEFENSES</u>

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.      **Recovery Limitations.** Pursuant to the following provisions of the Policy, Plaintiffs' entitlement to recover the Dwelling coverage of the Policy is subject to the following terms, conditions, and limitations:

### COVERAGE A – DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I – LOSSES NOT INSURED**.

There is no coverage for the replacement of undamaged shingles since there is no accidental direct physical loss.

7.      **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

8.      **No Waiver.** Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any

provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

9. **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code § 41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

10. **Written Notice of Claim.** State Farm specifically denies that Plaintiffs provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

12. **Chapter 542A.** State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

13. State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

## IV.
## JURY DEMAND

**14.** State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
**LAUREN N. HERRERA**
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com
lherrera@germer.com

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 4th day of October, 2019.

Joe M. Williams                                                    **VIA E-FILE**
THE LAW OFFICES OF JOE M. WILLIAMS
133 N. Friendswood Drive, Suite 152
Friendswood, Texas 77546
jwilliams10050@gmail.com

_____

**DALE M. "RETT" HOLIDY**

**Harris County Docket Sheet**

# 2019-61939

**COURT:** 152nd

**FILED DATE:** 8/30/2019

**CASE TYPE:** Insurance



### REISSIG, RICHARD

**Attorney: WILLIAMS, JOE MICAH**

### vs.

### STATE FARM LLOYDS

**Attorney: HOLIDY, DALE MARETT**

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Marilyn Burgess District Clerk